UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC<br>    Plaintiff,<br>vs.<br><br>John Does 1-9,<br>    Defendants.<br>_____/ | Civil Action No. 1:12-cv-08939<br><br>MOTION TO QUASH OR MODIFY SUBPOENA |

## MOTION TO QUASH OR MODIFY SUBPOENA

I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiff's Application for Leave to Take Discovery.

From accounts of previous defendants of Malibu Media LLC, these subpoena notifications are followed by demand letters. These letters -- which demand around $3000 to avoid dealing with their lawsuit[1] -- and their phone calls, which are persistent[2], are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

### INTRODUCTION

To cut court costs while suing as many individuals as possible, Plaintiff's counsel, Mary K. Schulz is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. Malibu Media LLC has mass lawsuits in Illinois, including twenty cases in 2012 against over five hundred defendants in the Northern District of Illinois

---

[1] Google search: "malibu media letter"
[2] Google search: "Malibu media phone calls"

alone. These lawsuits are nearly identical to this BitTorrent case in Illinois, *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255,* and in this case the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about CP Productions, Inc's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.

*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

In another CP Productions, Inc BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.

*VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

==Malibu Media LLC also filed the identical cases in the Central District of California. From February 27, 2012 to June 27, 2012, Plaintiff Malibu Media, LLC filed thirty-three lawsuits against groups of John Doe Defendants. On October 10, 2012, United States==

District Judge R. Gary Klausner issued a Minute Order denying Malibu Media's Renewed Motion for Early Discovery in all Malibu Media cases assigned to him:

> Plaintiff's claims in the above-listed cases are DISMISSED WITHOUT PREJUDICE against all Defendants other than the individual designated as "John Doe 1" in each action.

*Malibu Media v. Does 1-10 Case 2: 12-cv-01642-RGK-SS(dismissed ALL John Doe defendants)*

## ARGUMENT

### 1) Plaintiff Has Improperly Joined 9 Individual Defendants Based on Entirely Disparate Alleged Acts

The Plaintiff's joinder of 9 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three

conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-*

*151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

Discussions of the technical details of the BitTorrent protocol aside, the individual

---

[1] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-9, from the case.

*See* Fed. R. Civ. P. 21.

Dated: 1/15/2013             Respectfully submitted,

                                                           *s/John Doe*
                                                           John Doe
                                                           dthomas20501@gmail.com
                                                           *Pro se*

CERTIFICATE OF SERVICE

I hereby certify that on 1/15/2013, I served a copy of the foregoing document, via US Mail, on:

> Mary K. Schulz, Esq.
> Schulz Law, P.C.
> 1144 E. State Street Suite A 260
> Geneva, IL 60134