IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-cv-08939 |
| | ) |
| v. | ) |
| | ) |
| JOHN DOES 1- 9, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION
TO QUASH OR MODIFY SUBPOENA [CM/ECF 11]**

**I. INTRODUCTION**

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not demonstrated a proper basis to quash the subpoena and joinder is proper. Rule 45 governs a court's ability to quash a subpoena and Defendant has failed to demonstrate any of the Rule's requirements. Defendant's only argument for quashing the subpoena is based on misjoinder of the Doe Defendants although "the plain language of Rule 45 does not authorize the Court to quash a subpoena based on misjoinder." *Malibu Media, LLC v. John Does 1-21*, 2012 WL 3590902 (D. Colo. 2012). Next, joinder of the Defendants in this case is proper. Plaintiff pled that the Defendants are jointly and severally liable for the infringing activities of each of the other Defendants and that the Defendants' actions all arise out of the same series of transactions involving the exact same torrent file. Additionally, there are common questions of law and fact. Further, this Court has previously issued six (6) opinions holding joinder of doe defendants is proper in similar cases.

1

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers' identities. If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis. "While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored."[1] Plaintiff has suffered great harm due to infringements committed by thousands of residents in this District and has no option but to file these suits to prevent the further widespread theft of its copyright. Accordingly, this Court should deny the subject motion.

## II. THIS COURT SHOULD NOT QUASH THE SUBPOENA

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. *See Fed. R. Civ. P. 45(c)(3)(A)(i-iv)*. The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. *See Fed. R. Civ. P. 45(c)(3)(B)(i-iii)*. "No other grounds are listed." *Malibu Media, LLC v. John Does 1-21*, 2012 WL 3590902 (D. Colo. 2012) (emphasis added). Defendant's Motion fails to satisfy any of the above grounds and should therefore be denied.

---

[1] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html*

As mentioned above, Defendant's only argument here is dependent upon his joinder argument, which is not a valid ground for quashing the subpoena. "Rule 45 provides four circumstances under which the Court must quash a subpoena, and the Court will not create a fifth." *Id.*

### III. JOINDER IS PROPER

Fed. R. Civ. P. 20 permits joinder when plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Rule 20(a) not only permits joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability. Plaintiff has done both here.

"'With the advent of industrialization, high-speed transportation, and urbanization, more intricate disputes appeared with greater frequency,' requiring greater use of the more liberal joinder procedures." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1094 (2d Cir. 1992) (*quoting 6A Wright, Miller & Kane § 1581*). "Here, <u>the nature of the technology compels the conclusion that defendants' alleged transactions were part of the same 'series of transactions or occurrences.'</u> Accordingly, we find that the Rule 20(a)(2) criteria for joinder are satisfied." *Malibu Media, LLC v. John Does 1-5*, 2012 WL 3641291 (S.D.N.Y. 2012) (emphasis added). Plaintiff's Complaint alleges more than "merely committing the same type of violation in the same way" because the operation of the BitTorrent protocol necessitates a cooperative effort by all peers in a swarm.

### A. The Infringement Occurred Through a Series of Transactions

Under Fed. R. Civ. P. 20(a) "series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

*Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different <u>but</u> <u>for</u> each of the Defendants' infringements.

### i. Here, Plaintiff Properly Pled a Series of Transactions

Plaintiff alleges that its investigator, IPP Limited, was able to receive a piece of Plaintiff's copyrighted movie from each Defendant. In order for Plaintiff's investigator to have received this piece, each alleged infringer must have had part of Plaintiff's movie on his or her computer and allowed others to download it.

There are four possible ways that each Defendant may have received the piece of the movie that was sent to IPP Limited. First, the Defendant may have directly connected with the initial seeder and downloaded a piece of the file directly from the initial seeder's computer. Second, the Defendant may have directly connected to and received a piece of the movie from a seeder who downloaded the movie from the initial seeder or other infringers. Third, the Defendant may have connected to or received a piece of the movie from other Defendants that

4

received the movie from the initial seeder or other infringers. Fourth, the Defendant may have connected to or received a piece of the movie from other infringers who downloaded from other Defendants, other infringers, other seeders, or the initial seeder.

"In other words . . . at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP." *Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840, at *5 (E.D. Mich. 2012). See also *Raw Films v. John Does 1-15*, 2012 WL 1019067, at *4 (E.D. Pa. 2012) ("the claims against each Doe defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server.") Each defendant participated in the same series of transactions. These transactions are all reasonably related, not just because Defendants used BitTorrent, but also because Defendants utilized the computers of others to download the same file, and allowed others to access their computer to receive it.

### ii. The Supreme Court Allows Joinder When the Defendants Do Not Directly Interact With Each Other

In *United States v. Mississippi*, 380 U.S. 128 (1965) the Supreme Court found that the joinder of six defendants, election registrars of six different counties, was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote. Although the complaint did not allege that the registrars directly interacted with each other, or even that they knew of each other's actions, or that each other's actions directly affected each other in any way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common law and fact. *Id.* at 142-143.

> [T]he complaint charged that the registrars had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color. On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

*Id.* at 142. Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, it is not necessary for each of the Defendants to have directly interacted with each other Defendant, or have shared a piece of the file with each and every Defendant when downloading the movie. Defendant's argument that joinder is improper because the infringement occurred from different locations using different IP addresses is therefore unavailing. The Defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers. The Defendants all acted under the same exact system. Just as it was not alleged in *United States v. Mississippi* that the registrars shared with each other their efforts to prevent African Americans from voting, it is not necessary for the Defendants to have shared the pieces of the movie with each other. It is sufficient that the Defendants shared pieces that originated from the same exact file, and opened their computer to allow others to connect and receive these pieces.

### B. The Time Period For Infringement

The nature of the BitTorrent protocol provides for continuous seeding and distributing of the movie long after it has downloaded. Without stopping the program by physically un-checking the automatic seeding, an alleged infringer likely will seed and distribute a movie for

an extended period of time. Even after an infringer has completed a download of the movie, he or she may distribute the movie for weeks after having received the download.

> [I]t is not that an infringer would wait six weeks to receive the Movie, it is that <u>the infringer receives the Movie in a few hours and then leaves his or her computer on with the Client Program uploading the Movie to other peers for six weeks</u>. Because the Client Program's default setting (unless disabled) is to begin uploading a piece as soon as it is received and verified against the expected Hash, it is not difficult to believe that <u>a Defendant who downloaded the Movie on day one, would have uploaded the Movie to another Defendant or peer six weeks later</u>. This consideration, however, is irrelevant since <u>concerted action is not required for joinder</u>.

*Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840 (E.D. Mich. 2012) (emphasis added). Here, Plaintiff's investigator received a piece of the movie from the defendants when they were allegedly distributing it to others.

"While the period at issue may . . . appear protracted by ordinary standards, the doctrine of joinder must be able to adapt to the technologies of our time." *Malibu Media, LLC v. John Does 1-5*, 2012 WL 3641291 (S.D.N.Y. 2012) (memorandum and order denying motion to sever and dismiss). "[T]he <u>law of joinder does not have as a precondition that there be temporal distance or temporal overlap</u>; it is enough that the alleged BitTorrent infringers participated in the same series of uploads and downloads in the same swarm." *Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840 (E.D. Mich. 2012) (emphasis added).

    **C.**  **There Are Common Issues of Fact and Law**

Rule 20(a)(2)(B) requires the plaintiff's claims against the putative defendants to contain a common question of law or fact. "[T]he suit involves questions of law and fact that are common to all defendants. Plaintiff's complaint singles out several legal questions underlying the claims against each defendant." *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 257 (N.D.

7

Ill. 2011). In order to succeed against each Defendant, Plaintiff will have to establish, for example, the elements of a valid copyright infringement claim against each. Further, Plaintiff will have to show common factual issues related to the operation of the BitTorrent protocol itself and Plaintiff's method for investigating evidence about the infringing activity. Accordingly, Plaintiff satisfies this requirement. See also *Nu Image, Inc. v. Does 1-3, 932*, 2012 WL 1255189 (M.D. Fla. 2012); *Call of the Wild Movie v. Does 1-1,062*, 770 F. Supp. 2d 332, 343 (D.D.C. 2011); *Patrick Collins, Inc. v. John Does 1-33*, 2012 WL 415424 (D. Colo. 2012); *Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383 (E.D. Pa. 2012); *Patrick Collins Inc., v. John Does 1-43*, 2:11-cv-04203-FSH-PS (D. NJ 2012).

### D. **Joinder Promotes Judicial Efficiency and is Beneficial to Putative Defendants**

Joinder of the Defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants. "[Defendant] . . . asks the Court to exercise its discretion to sever the case because joinder does not promote judicial economy . . . [But,] [j]oinder at the discovery phase would be more efficient than the same discovery in . . . separate cases . . . At this point . . . severance is denied." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012). See also *Patrick Collins, Inc. v. John Does 1-33*, 2012 WL 415424 (D. Colo. 2012) ("The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency."); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 at n. 6 (S.D.N.Y. 2012) ("[C]ourts have opined that requiring aggrieved parties to file hundreds or even thousands of separate copyright infringement actions would neither be cost efficient for the plaintiffs nor promote convenience or judicial economy for the courts.")

### E. **This Court Has Frequently Held That Joinder is Proper**

This Court has extensively addressed the issue of joinder, issuing six (6) opinions addressing the same issues in BitTorrent copyright infringement actions holding that similar motions should be denied because joinder is proper at this stage of the litigation proceedings. *See First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 257 (N.D. Ill. 2011); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011); *MGCIP v. Does 1-316*, 2011 WL 2292958 (N.D. Ill. 2011); *Hard Drive Productions, Inc. v. Does 1-55*, 2011 WL 4889094 (N.D. Ill. 2011); *Pac. Century Int'l v. Does 1-31*, 2012 WL 2129003 (N.D. Ill. 2012); *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768 (N.D. Ill. 2012) ("joinder is appropriate . . . because [Plaintiff] has alleged sufficient facts to provide a basis for joinder of all of the defendants.")

### F. The Cases Relied Upon by Defendant Have Been Distinguished in Such a Way as Would Make Joinder Proper Here

Defendant cites various cases in an effort to avoid joinder. Some of the cases cited by Defendant, unlike this case, involve multiple plaintiffs and infringement of multiple copyrights in the same lawsuit. See e.g. *Twentieth Century Fox Film Corp. et. al. v. Does 1-12*, Case No. 3:04-cv-04862-WHA, (N.D. Cal. 2004), (6 Plaintiffs – 13 songs, *see* the Complaint at ¶¶ 4-11 and Exhibit A to the Complaint); *Interscope Records, et. al. v. Does 1-25*, 2004 U.S. Dist. LEXIS, Case No. 6:04-cv-197-ACC-DAB (M.D. Fla. 2004) (16 Plaintiffs and dozens if not hundreds of songs, *see* the Complaint at ¶¶ 4-19 and Exhibit A to the Complaint); and *BMG Music v. Does 1-203*, Case No. 2:04-cv-00650-CN (E.D.P.A. 2004) (17 Plaintiffs and numerous works, *see* the Complaint at ¶¶ 4-19 & 23). Since multiple works were at issue in these copyright cases, the plaintiffs in those cases did not plead that the online infringements were part

of the same transaction or series of transactions or that the defendants in those cases were contributorily liable for each others' infringement.

Defendant's citation to *LaFace Records v. Does 1-38,* 2008 WL 544992 (E.D.N.C. 2008) is also misplaced. *Def.'s Mot.* at p. 4. In *LaFace*, eleven recording studios sued over dozens of copyrights. The only commonality supporting joinder was that the Defendants used Gnutella, a peer-to-peer file sharing protocol. Significantly, Gnutella works through one peer to one peer transactions; i.e., a user connects to one computer and gets the whole file. Here, Plaintiff only sued on one copy of one movie which was broken up into pieces by BitTorrent. And, Plaintiff alleged that the Defendants were distributing the pieces to each other. Indeed, BitTorrent works differently than Gnutella insofar as it causes all participants in a swarm to upload pieces of the movie to each other. Consequently, here, Plaintiff pled that each of the Defendants is contributorily liable for the infringement of each of the other Defendants. This is yet another basis to hold that joinder is proper.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: February 6, 2013

                                              Respectfully submitted,

                                              SCHULZ LAW, P.C.

                          By:    /s/ *Mary K. Schulz*
                                          Mary K. Schulz, Esq.
                                          1144 E. State Street, Suite A260
                                          Geneva, Il 60134
                                          Tel: (224) 535-9510

Fax: (224) 535-9501
Email: schulzlaw@me.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Mary K. Schulz*